[Civil No. 2219.   Filed December 10, 1924.]

[230 Pac. 1112.]

## GRAHAM COUNTY OF THE STATE OF ARIZONA, a Corporation, Appellant, v. W. C. D. COCHRAN, M. E. DuBOIS, JAMES A. McBRIDE and E. M. CLARIDGE, Appellees.

1. COURTS—COURT REPORTER ENTITLED TO RECEIVE FROM COUNTY COMPENSATION FOR COPY OF NOTES FURNISHED POOR DEFENDANT FOR APPEAL IN CRIMINAL CASE.—In view of Civil Code of 1913, paragraphs 619–622, and paragraph 623, as amended by Laws of 1921, chapter 175, section 1, compensation of court reporters is not limited by Laws of 1917, chapter 61, to salary provided, and hence reporter was entitled to receive from county compensation for transcribing evidence in criminal case furnished under Penal Code of 1913, section 1163, for appeal by impecunious criminal, notwithstanding Laws of 1922 (Sp. Sess.), chapter 22, section 1, amending Civil Code of 1913, section 636, providing that no court fees or costs shall be charged to or collected from any county.

2. COUNTIES—STATUTE HELD NOT TO EXEMPT COUNTY FROM COSTS OF LITIGATION.—Civil Code of 1913, section 636, as amended by Laws of 1922 (Sp. Sess.), chapter 22, section 1, providing that no court fees or costs shall be charged to or collected from any county, does not exempt county from costs of litigation.

See (1) 15 C. J., p. 334 (1926 Anno.).   (2) 15 C. J., p. 567.

APPEAL from a judgment of the Superior Court of the County of Graham.   Dudley W. Windes, Judge.   Affirmed.

Mr. E. L. Spriggs, for Appellant.

Mr. G. V. Hayes, for Appellees.

ROSS, J.—This suit was brought by the county of Graham against W. C. D. Cochran, court reporter, and M. E. DuBois, James A. McBride and E. M. Claridge, as the members of its board of super-

2.   See 7 R. C. L. 789.

visors, to recover from them the sum of $229.05, which it is claimed was unlawfully paid by said supervisors to Cochran, on a demand of the latter, for services as court reporter of the superior court of Graham county. It appears from the record that such item was a charge made by Cochran for transcribing his shorthand notes of the evidence, in the criminal case of *State* v. *Lee,* for the use of the defendant upon his appeal to the Supreme Court. It also appears that defendant Lee made and filed his affidavit with the clerk of the superior court showing that he was without funds and wholly unable to pay for a transcript of the evidence, and that unless it was furnished him free of charge he would be denied its use on his appeal. It further appears that such transcript of the evidence was furnished by the defendant Cochran with the understanding that it was "at the expense of the county," as provided in section 1163, Penal Code. The case was tried before the court and judgment rendered in favor of the defendants, and the county prosecutes this appeal.

It is claimed by the county attorney that the court reporter's salary is his entire and full compensation, and that he is not entitled to charge or collect any fees for any of his services. In support of this claim he refers to section 9 of chapter 61, Laws of 1917. That section is perhaps broad enough in its terms to cover court reporters. It undertakes to limit the compensation of all persons who serve the county, including employees, to the salaries provided by the laws creating or authorizing their respective positions, or acts amendatory thereof. If it be conceded that section 9 was intended as a prohibition against court reporters receiving anything except their salaries, it was subject to change by amendment by any subsequent legislature; and, as we shall

later show, if it ever affected their compensation by limiting it to a salary, it is not the present law.

To begin with, the legislature in every instance that it has noticed the subject of court reporters has treated it independently of every other subject. While the legislature has several times acted upon salaries of county officers and their deputies and clerks, in none of such acts has it specifically included the salary of court reporter. On the contrary, since the creation of the office of court reporter in 1912 the legislature has twice, by acts exclusively devoted to that subject, amended the law. It has treated the subject of court reporters as in a class to itself, and for that reason any legislation about salaries of county officers and their deputies, even though general in terms, should be restricted to its obvious purpose.

The legislature took a separate act to create the position. Chapter 22, pt. 2, title 6, Civil Code. This act provides for the reporter's appointment by the superior court judge and makes the tenure of the office subject to the appointing power (paragraph 619), requires that he take an oath of office (paragraph 620), prescribes his qualifications and by whom and how determined (paragraph 621), enumerates his duties (paragraph 622), and in paragraph 623, as amended by chapter 175, page 433, Laws of 1921, the matter of his compensation, consisting of salary fixed by the judge and fees fixed by the legislature, is taken care of. This amendment being subsequent to the classification act (chapter 61, Laws 1917), and providing for compensation in two ways, takes the place of said act, if it ever applied, and becomes the source and measure of the reporter's right to collect fees for transcriptions of his notes. The plain, explicit language is that he "shall also re-

ceive, for transcribing shorthand notes, fifteen cents per folio. . . . '' The only exception is, when requested in advance of his transcribing his notes in a criminal case, he must furnish a copy to the county attorney or Attorney General, and to the Attorney General when the state is a party.

As we said in the beginning, the item the recovery of which is sought in this suit was for furnishing an impecunious appellant in a criminal case a copy of the evidence. It is not for any copy furnished the county attorney or Attorney General. By virtue of one statute it is provided that the court reporter shall receive for transcribing his shorthand notes a fixed sum per folio (amended paragraph 623, *supra*), and it is provided by another statute that it shall be furnished ''at the expense of the county'' (section 1163, Penal Code), when furnished, as in this case, to an appellant in a criminal case.

It is also suggested that since it is provided that no court fees or costs shall be charged to or collected from any county (chapter 22, Laws 1922), it is unlawful for the court reporter to collect from the county for furnishing a copy of his notes to a poor defendant wishing to appeal. This act is an amendment to section 636, being part of chapter 23, part 2, title 6, Civil Code, concerning ''Costs.'' This whole chapter is devoted to the assessment of costs as between parties litigant. The evident purpose of section 636 as amended is that when the county is a party litigant it shall not be required to pay fees and costs to the clerk, or sheriff, or other officers who may serve it. This does not mean, however, that a county may not be mulcted the costs of litigation. If a county is sued and successfully prosecuted, any judgment obtained against it would include all legal costs incurred by its antagonist.

The copy of the transcript sued for was not fur-- nished by Cochran to the county, but to an impecuni- ous criminal desiring to appeal, and what he col- lected for it may well be regarded as a part of his compensation. Doubtless items of this kind were taken into consideration by the superior judge in fixing the court reporter's salary for Graham county.

For the reasons given, we are satisfied that the judgment of the lower court was correct, and the order will be one of affirmance.

McALISTER, C. J., and LYMAN, J., concur.