[Civil No. 2526. Filed July 8, 1926.]

[247 Pac. 799.]

A. T. HAMMONS, as Superintendent of Banks of the State of Arizona, Plaintiff, v. GEORGE E. WAITE, as Clerk of the Superior Court of Apache County, Arizona, Defendant.

1. STATUTES.—Where language of statute is susceptible of two interpretations, court will adopt reasonable, rather than unreasonable, interpretation.

2. COSTS — STATE OFFICERS SUED IN OFFICIAL CAPACITY ARE NOT EXEMPT UNDER STATUTE FROM PAYMENT OF TAXABLE COURT COSTS INCURRED BY SUCCESSFUL LITIGANT (LAWS SP. SESS. 1922, CHAP. 22).—Special Session Laws of 1922, chapter 22, exempting state officials sued in official capacity from payment of court fees and costs, refers only to payment of fees or costs in advance as ordinarily paid by private parties litigant, and does not exempt them from payment of taxable court costs incurred by successful litigant.

3. COSTS—STATE SUPERINTENDENT OF BANKS, WHEN SUED AS PERSON IN CHARGE OF BANK, IS NOT OFFICIAL OF STATE ENTITLED TO EXEMPTION FROM PAYMENT OF FEES AND COSTS (LAWS SP. SESS. 1922, CHAP. 22, AND CHAP. 31, § 46).—State superintendent of banks, when in charge of bank, is in effect a receiver thereof as though appointed under Special Session Laws of 1922, chapter 31, section 46, and therefore is not an official of the state within chapter 22, so as to be exempt from requirement of payment of court fees and costs, when sued as person in charge of such banks.

See (1, 2) 29 Cyc., p. 1449, n. 48; 36 Cyc., p. 1108, n. 39.   (3) 29 Cyc., p. 1449, n. 48.

Original petition for Writ of Mandamus. Alternative writ quashed.

Mr. John W. Murphy, Attorney General, Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant At-

1. See 25 R. C. L. 1019.

2. Liability of public officer for costs, see note in **Ann. Cas.** 1915D 563. See, also, 7 **R. C. L.** 790.

3. See 4 **Cal. Jur.** 298.

torneys General, and Messrs. Sapp & McLaughlin, for
Plaintiff.

Mr. Maurice Barth, County Attorney, and Messrs.
Greer & Greer, for Defendant.

LOCKWOOD, J.—George Jarvis, as treasurer for
the county of Apache, acting for the use and benefit
of said county, brought suit against A. T. Hammons,
state superintendent of banks, acting as receiver for
the bank of Winslow, an insolvent banking corpo-
ration, in the superior court of Apache county.   Ham-
mons desired to appear in said action, and made ap-
plication to George E. Waite as clerk of the superior
court of Apache county, hereinafter called defendant,
to enter his appearance.   Defendant refused to do
so until Hammons, whom we hereinafter call plaintiff,
paid the regular fee fixed by statute for the appear-
ance of defendants in civil actions.   Thereupon plain-
tiff filed an original petition in this court for a writ
of *mandamus* to compel defendant to file such appear-
ance without the payment of any fee.   The alterna-
tive writ was issued, and the matter is before us
for hearing.

The question is one of law, and depends on the
proper construction of chapter 22, Special Session
Laws of 1922, which reads as follows:

"Be it enacted by the Legislature of the state of
Arizona:

"Section 1.   That section 636, chapter 23, title VI,
Revised Statutes of Arizona, 1913, Civil Code, be, and
the same is, hereby amended to read as follows:

"636.   No court fees or costs shall be charged to
or collected from the state of Arizona or any county
thereof or any political subdivision of any such
county; nor shall court fees or costs be charged to
or collected from any commission, board or depart-
ment of the state of Arizona or any county thereof

or any political subdivision of any such county; nor from any official of the state of Arizona, or any county thereof, or any political subdivision of such county, who is a party to a suit in his official capacity.''

It is argued by plaintiff that he is an ''official of the state of Arizona . . . who is a party to a suit in his official capacity.'' While this is the only question directly involved in this proceeding, we have deemed it best to determine the general construction of chapter 22, for the reason that there have been a number of cases before us, and there is one pending now, wherein the question of whether a successful litigant in an action against the state or a county, or any public official thereof, acting in his official capacity, could recover, not only a judgment, but the costs incurred by him in prosecuting his suit to effect, or was barred from the latter by chapter 22, *supra,* was a direct issue arising on motions to tax costs. We do not write opinions on such motions, so we use this case to set at rest the minds of the profession and litigants in regard to costs in such circumstances, as well as in actions like this.

The first question we therefore consider is the meaning of the phrase ''court fees or costs,'' found in chapter 22, *supra.* As we stated in the case of *Croaff* v. *Harris, ante,* p. 357, 247 Pac. 126, referring to ambiguous language used in a statute:

''Where, however, the language employed is susceptible of two interpretations, one of which is reasonable and the other unreasonable to the extent of absurdity, it is the duty of the court to adopt that interpretation that conforms to common sense and reason.''

Under our law, private individuals are frequently given the privilege of bringing suits against either the state or the county, or a political subdivision of

the latter, and may recover judgments amounting at times to many thousands of dollars. In so doing, such private parties are generally put to considerable expense in paying the statutory court fees and costs, in taking depositions of witnesses, in preparing, perhaps, a record on appeal. In all ordinary cases against other private citizens, they, as a matter of right, if successful in the action, recover the amount not only of the judgment, but of the taxable costs and expenses which they have incurred. It seems to us rather absurd to hold that the legislature swallowed the camel of allowing a judgment against a public body or official while it strained at the gnat of costs, and, if there is any other reasonable construction which can be given to the statute, we should not hesitate to adopt it.

It appears to us that the true construction is plain. In territorial days court fees and costs of a similar nature advanced by litigants belonged to the officers who received them. Under statehood they become public moneys the·minute they are paid, and must be accounted for as such by the receiving officer. If the state or any county or any political subdivision of such county is a party to a suit, or if any official of the state or any county or political subdivision thereof is a party in his official capacity, to require it or him to pay court fees or costs in advance as they are ordinarily paid by private parties litigant would be simply taking money out of one pocket of the public and putting it into another, at a useless waste of time, bookkeeping and balancing of accounts between the different departments. We think the real purpose of chapter 22 was to prevent such a condition, and that the phrase "court fees and costs" applies only to payments by the specified governmental bodies and officials into the court or to the officers thereof as ordinary litigants make such pay-

ments, but that it does not apply to a recovery of the taxable court costs incurred by a successful litigant against such officials and bodies. *Graham County* v. *Cochran et al.*, 27 Ariz. 136, 230 Pac. 1112.

It may be urged that this penalizes a public official who in good faith prosecutes or defends an action as part of his official duty. We do not think so. As was said in *United States* v. *Schurz*, 102 U. S. 378, 26 L. Ed. 167 (see, also, Rose's U. S. Notes):

"There may be a contingent or other fund of the department out of which they can be paid. If there is none, Congress may provide for it. . . . "

And in *Warren County* v. *Stone,* 69 Miss. 383, 12 South. 559:

"It cannot be doubted that in all cases where litigation results from the action of its officer in an effort to subserve its interest, the state will save him harmless from costs adjudged against him. Otherwise, he might be deterred from proper litigation in the interest of the state."

The next question, and the one decisive of this particular case, is whether or not plaintiff was "an official of the state of Arizona . . . who is a party to a suit in his official capacity." That he was an official of the state of Arizona is of course true. The suit in question, however, though nominally against him, for the reason that under the banking code he was in charge of the assets of an insolvent bank, was as a matter of fact against such bank. Any judgment recovered by the treasurer or expenses incurred by the superintendent would not be paid out of the funds of the state, but rather out of the assets of the bank. The plaintiff, while in charge of the said bank, was in effect a receiver thereof, as though appointed by the court. Chapter 31, Laws Sp. Sess. 1922, § 46.

We think chapter 22, *supra,* refers to cases where the public is the real party in interest, and when a public official, though nominally acting in his official capacity, is in reality a trustee for, or representative of, some private person or corporation, and any payment made comes from the funds of the beneficiary and not of the public, chapter 22 has no application. Plaintiff has cited to us the case of *Mercantile Trust Co.* v. *Miller,* 166 Cal. 563, 137 Pac. 913, where it is held that the superintendent of banks is acting as a state officer in his official capacity within the meaning of the section providing that public officers shall not be required to give bond. So far as the rule laid down by that case contradicts what we have said herein, it is disapproved for the reasons stated above. The alternative writ is quashed and the petition denied.

McALISTER, C. J., and ROSS, J., concur.