425 P.2d 869

James E. THORNTON, the Arizona Highway Patrol, an Agency of the State of Arizona, and the State of Arizona, Appellants,

v.

Gerald MARSICO, Fisher Contracting Co., an Arizona corporation, and Fidelity and Deposit Company of Maryland, Appellees.

No. I CA–CIV 266.

Court of Appeals of Arizona.

April 5, 1967.

Rehearing Denied April 27, 1967.

Review Denied May 23, 1967.

Darrell F. Smith, Atty. Gen., by Robert G. Beshears and John H. Lyons, Sp. Asst. Attys. Gen., for appellants.

Snell & Wilmer, by Roger W. Perry and Arthur P. Greenfield, Phoenix, for appellees, Fisher Contracting Co., and Fidelity and Deposit Co., of Md.

DONOFRIO, Judge.

This appeal is from a judgment of the Superior Court, granting the third party defendants' motion to dismiss the third party complaint for failure to state a claim.

Marsico, plaintiff in the original complaint, is a truck driver whose truck was in a collision with a highway patrol car owned by the defendant State of Arizona and driven by defendant Thornton, a highway patrolman. The collision occurred near Peach Springs, Arizona, on a detour built during construction on the Kingman-Ashfork highway.

The plaintiff filed a complaint alleging negligence of the highway patrolman while within the scope of his employment.

After the answer, the attorneys for both the plaintiff and defendants stipulated to allow a third party complaint to be filed by the defendants, Thornton and the State, as third party plaintiffs, against Fisher Contracting Co., the construction company which had built the detour, and against Fidelity and Deposit Company of Maryland as the company which had issued the bond for Fisher Contracting Co. An order to that effect was signed by a judge of the Superior Court.

The third party complaint alleged five counts against third party defendants for such damages as the plaintiff seeks against third party plaintiff: (1) That the third party defendant Fisher Contracting Co. was

actively negligent in constructing the detour while the third party plaintiff Thornton was only passively negligent in driving, therefore the third party plaintiffs are entitled to indemnity from the Fisher Contracting Co.; (2) Fisher Contracting Co. breached its construction contract with the State of Arizona by not complying with the terms which required building and maintenance of detours in a workmanlike and substantial manner. If a judgment for damages were given in the original complaint, that amount would be an element of the loss suffered from the breach of contract; (3) Count three alleges that the breach of contract alleged in count two is indemnified in the bond issued by the third party defendant Fidelity; (4) Count four alleges that the bond given by the third party defendants provides that they will indemnify and save harmless the State for direct or indirect damages suffered or claimed for injuries to persons or property during construction; and (5) Count five alleges Fisher Contracting Co. is liable in indemnity on the contract for its improper acts which activate a hold harmless clause.

The third party defendants moved to dismiss the third party complaint for failure to state a claim. After hearing, the motion was granted. The third party plaintiffs bring this appeal.

We are to be guided by the following rules:

■ A motion to dismiss for failure to state a claim upon which relief may be granted, the Rule 12b (6) motion, 16 A.R.S., Rules of Civil Procedure, is treated in the same way in a third party complaint as that motion would be handled if made against an original complaint. The facts alleged in the complaint are assumed to be true and are treated in the light most favorable to the third party plaintiff. If any state of facts could conceivably be proved which would entitle the third party plaintiff to relief, the motion must be denied. Whitmarsh v. Durastone, D.C., 122 F.Supp. 806 (1954).

■ The distinction between the Rule 12b (6) motion in its usual circumstances and in its use to challenge a third party complaint is that Rule 14a, 16 A.R.S., Rules of Civil Procedure on third party practice allows a

"* * * complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

This limits third party complaints to claims for which the third party defendant is not primarily liable to the original plaintiff, but could be secondarily liable to the original defendant. Blakely Oil, Inc. v. Crowder, 80 Ariz. 72, 292 P.2d 842 (1956); Barron and Holtzoff-Wright, Federal Practice and Procedure § 421.

■ The use of the word "claim" in Rule 14 is broader than the term "cause of action" and indicates an aggregate of operative facts which give rise to rights which are enforceable in courts. Barron and Holtzoff, supra, § 424. A claim may be implead by third party complaint, even though the original complaint is based on a different theory, if the claim arises from the same operative facts or transaction.

The first count of the third party complaint alleges that even if Thornton were negligent, his negligence was passive as compared with the negligence of Fisher Contracting Co. and therefore under the authority of Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957) Fisher Contracting Co. would be liable to the third party plaintiffs.

First, it must be recognized that before either the State or Thornton could be held liable, Thornton must be proved negligent in driving the highway patrol car.

For Fisher Contracting Co. to be held liable under the first count, it must also be proved negligent in building or maintaining the detour so as to have caused the collision.

■ Assuming, for the purpose of testing the motion, that both are negligent, then having acted together to cause a collision, they are joint tort feasors.

. The general rule which is followed in Arizona is that contribution is not allowed among joint tort feasors. Blakely Oil, Inc. v. Crowder, 80 Ariz. 72, 292 P.2d 842 (1956); United States v. State of Arizona, 9 Cir., 214 F.2d 389 (1954) reh. den. 216 F.2d 248 (1954).

■ It is argued that Busy Bee Buffet v. Ferrell, supra, changed the general rule where one party is actively negligent and the other party is only passively negligent. We do not believe this to be so. What the Supreme Court of Arizona said was that when one was liable because of a duty imposed by law although he had *not actively participated* in the wrong which was the immediate cause of the injury, then that one had a right to indemnity from the party who actively caused the injury. 7 Ariz.L. Rev. 59, 69. This is an expansion of the law of indemnity and not an abrogation of the law of noncontribution among joint tort feasors. As the Supreme Court said in Busy Bee:

> "The term 'difference in kind and character' between the negligence of the Buffet and Pastis must not be confused with 'comparative negligence' or 'degrees of negligence.'"

When Thornton drove the patrol car he acted. This act excludes him from the category of "without personal fault" and therefore the third party plaintiffs do not come within the purview of Busy Bee Buffet v. Ferrell.

The granting of the motion to dismiss was proper as to count one.

Count two alleges the liability of Fisher Contracting Co. for a breach of contract to build and maintain the detour in a workmanlike and substantial manner and that a recovery by the plaintiff in the original action will be an element of the damages resulting from that breach. Count three alleges the liability of Fidelity for that breach of contract.

For purposes of testing the third party complaint, we shall assume a judgment for damages on the original complaint and that the contract was breached.

■ Damages for breach of contract are those proximately caused by the breach or within contemplation of the parties. Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948). Therefore, the counts two and three as stated raise the question of whether the negligence of Thornton which would lead to a judgment against him and the State was either proximately caused by the breach of contract or was within the contemplation of the parties.

The original action did not arise from an injury alleged to be suffered by the plaintiff as a result of a failure of the duty of the State to maintain safe roads. If breach of duty was caused by the road builder's breach of contract, the claim could be implead with the personal injury action by a third party complaint. In the instant case the State's duty is limited to its liability in respondeat superior for the alleged negligence of its employee. If the State were held liable on that duty it would not be because the road builder breached his contract. The motion to dismiss was proper as to counts two and three.

Count four alleges that the bond executed in favor of the State provides that the third party defendants will save harmless the State for any direct or indirect damages suffered or claimed for injuries to persons or property during the construction.

■ The question of implied indemnity is settled by Busy Bee Buffet v. Ferrell, supra, so if the contractor has indemnified the contractee for the contractee's own negligence, it must be by express contract. The general rule so requires, 97 A.L.R.2d 618 at 619.

■ The statement of coverage must be clear and unequivocal. Some cases indicate that if the intent to cover is shown from language and surrounding circumstances, then coverage is possible, but one such case goes on to state,

> "(the general rule) is commonly stated in support of conclusions against

coverage in cases where the precise nature of the relationship between the indemnitee's negligence and the particular loss or claim is such as to negate any intent that the parties designed to cover it by their agreement of indemnification." Stern v. Larocca, 49 N.J.Super. 496, 140 A.2d 403 (1958).

Here the entire relationship between the State and the contractor and his bonding company concerned road building. We express no opinion as to whether the bond is broad enough to cover the negligence of the State in that relationship. But, if the State is to be liable in its capacity as employer of a negligent driver, that capacity does not relate to the contractor and bonding company, therefore the general rule would apply and there could be no indemnity.

Count five alleges a duty of indemnity by the third party defendants arising from the following provision in the contract between Fisher Contracting Co. and the State:

"The contractor and his surety shall save harmless the State and all its representatives from all suits, actions or claims of any character brought on account of any injuries or damage sustained by any person or property *in consequence of any neglect in safeguarding the work or through the use of unacceptable materials in the construction of the improvement or on account of any act or omission by the contractor or his agents,* * * * "

(Emphasis supplied)

As the underlined portion of the foregoing shows, the indemnity provided for would arise from the acts or omissions of the contractor. If the State is liable on the original complaint it will be because of the acts of the highway patrolman, therefore the indemnity provision would not apply.

Counts one through five were all properly dismissed since they were alternative theories of primary liability and not theories of secondary liability.

Affirmed.

CAMERON, C. J., and STEVENS, J., concur.