485 P.2d 591

**EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WISCON-
SIN, a corporation, Appellant,**

v.

**ADVANCE TRANSFORMER COMPANY, a
corporation, and General Electric Com-
pany, a corporation, Appellees.**

**No. 2 CA–CIV 930.**

Court of Appeals of Arizona,
Division 2.

June 4, 1971.

Rehearing Denied June 25, 1971.
Review Denied Sept. 28, 1971.

Browder, Gillenwater & Daughton by
Robert W. Browder, Phoenix, for appel-
lant.

Gaynor K. Stover, Tucson, for appellee
Advance Transformer Co.

May, Dees & Newell by Willis R. Dees,
Tucson, for appellee General Electric Co.

HOWARD, Judge.

This is an appeal from a summary judg-
ment in favor of the appellees, third-party
defendants below, on the third-party com-
plaint of appellant, third-party plaintiff be-
low. At the time of entry of this judg-
ment, other claims remained to be adjudi-
cated in the pending lawsuit but the sum-
mary judgment has the requisite finality
for appeal purposes in that it contains the
"express determination and direction" set
forth in Rule 54(b), as amended, Rules of
Civil Procedure, 16 A.R.S.

Briefly, the facts are as follows. In
May, 1959, Howard P. Foley Company, a
corporation, entered into an agreement
with Robert E. McKee General Contractor,
a corporation, to do certain electrical con-

struction work at St. Joseph's Hospital in Tucson. (McKee was the general contractor). Foley purchased certain fluorescent light fixtures to which were attached ballasts, and these fixtures were installed by Foley employees between 1959 and 1961. On July 20, 1966, one Richard Morgan, an electrician employed by St. Joseph's Hospital, was killed by electrocution when he touched an energized toggle bolt supporting one of the fixtures installed by Foley.

Mrs. Morgan, surviving widow of Richard Morgan, filed suit against McKee, Foley and others to recover damages for the wrongful death of her spouse. Foley settled and compromised Mrs. Morgan's claim for $190,000 and this sum was paid to Mrs. Morgan by appellant, Foley's liability insurer. Foley filed a third-party complaint against Advance Transformer and General Electric, seeking indemnification. It claimed that one of the ballasts designed, manufactured, assembled, distributed and sold by Advance Transformer and the capacitor located therein and designed, manufactured, assembled, distributed and sold by General Electric were:

"1. Designed, manufactured and assembled in a careless and negligent manner.

2. Defective in design, manufacture and assembly at the time they were placed on the market by Advance Tranformer Co. and General Electric Company, at the time they were installed and at the time of the accident.

3. Unfit for their intended purpose because of the manner in which they were designed, manufactured and assembled.

4. Unreasonably dangerous and unsafe for their intended purpose because of the manner in which they were designed, manufactured and assembled."[1]

After its payment of the Morgan claim, appellant was substituted as third-party plaintiff. Advance Transformer and General Electric moved for summary judgment on two grounds, one, procedural, and two that since Foley was a tortfeasor, and appellant stood in Foley's shoes, there was no right of indemnity. Since we believe that summary judgment was appropriately granted on the second ground, we do not consider the propriety of the procedural basis for appellees' motion for summary judgment.

The following facts were admitted by appellant in response to the appellees' requests for admissions of facts: That the Foley-McKee contract required Foley to comply with all the laws, ordinances, regulations and building code requirements applicable to its work unless in conflict with contract requirements; that when Foley performed its electrical work, there was in effect an ordinance of the City of Tucson adopting that part of the National Electrical Code which required the fixture in question to be grounded; that the fixture should have been grounded according to the National Electrical Code and a Tucson city ordinance; that the subject fixture was installed by a Foley employee without grounding it; that the installation of the subject fixture without grounding was in violation of the National Electric Code and the electrical code of the City of Tucson, was a *violation of law and was unlawful*; that if the fixture had been grounded it would not have presented a hazard; that at the time of settlement with Mrs. Morgan, Foley could not have successfully defended against the allegation that the fixture was not grounded when installed by Foley; that failure to ground the fixture would be negligence as a matter of law; and that Foley settled with Mrs. Morgan because it was of the opinion that a jury would find that Foley was negligent in not grounding the fixture; that such negligence was the proximate cause of Mr. Morgan's death and that a jury verdict, by a great probability, would exceed the sum of $190,000.

1. Although denominated a third-party complaint, a crossclaim was filed against McKee, which was unadjudicated at the time this appeal was taken.

Thus we see the record reflects that appellant's insured was admittedly negligent in failing to ground the subject fixture. Assuming arguendo that appellees' products were defective in design, manufacture, or assembly, it is well settled in this jurisdiction that there can be no contribution or indemnity beeween joint tortfeasors. Pinal County v. Adams, 13 Ariz.App. 571, 479 P.2d 718 (1971) and cases cited therein. It is equally well settled that when one is liable because of a duty imposed by law although he had *not actively participated* in the wrong which was the immediate cause of the injury, then he has a right to indemnity from the party who actively caused the injury. Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957); Thornton v. Marsico, 5 Ariz.App. 299, 425 P.2d 869 (1967); 7 Ariz. Law Review 59, 69 (1965).

Appellant cites cases such as London Guarantee and Accident Company, Ltd. v. Strait Scale Co., 322 Mo. 502, 15 S.W.2d 766 (1929); Hyland Hall & Company v. Madison Gas and Electric Co., 11 Wis.2d 238, 105 N.W.2d 305 (1960); United Pacific Insurance Co. v. Balcrank, Inc., 175 Ohio St. 267, 193 N.E.2d 920 (1963); and First National Bank of Arizona v. Otis Elevator Company, 2 Ariz.App. 80, 406 P.2d 430, rehearing denied 2 Ariz.App. 596, 411 P.2d 34 (1965), in support of its position that it is not precluded from claiming indemnity against a manufacturer. We do not find these cases apposite. When Foley, acting through its employee, installed the subject fixture, it acted. Having actively participated in the wrong which caused Morgan's death, Foley was not "without personal fault" and therefore not within the purview of Busy Bee Buffet v. Ferrell, supra.[2] There being no factual issue as to Foley's active participation in the wrong which caused Morgan's death, the trial court properly ruled, as a matter of law, that there was no right of indemnity.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

---

2. See also: Chrysler Corporation v. McCarthy, 14 Ariz.App. 536, 484 P.2d 1065 (filed May 17, 1971).