537 P.2d 982

**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, an Arizona Municipal Corporation, Appellant,**

v.

**The CITY OF SCOTTSDALE, a Municipal Corporation, Appellee.**

**No. I CA–CIV 2410.**

Court of Appeals of Arizona, Division 1, Department B.

July 1, 1975.

Jennings, Strouss & Salmon, by Nicholas Udall and M. Byron Lewis, Phoenix, for appellant.

Snell & Wilmer, by Warren E. Platt, and Martori, Meyer, Hendricks & Victor, P. A., by Kenneth R. Reed, Phoenix, for appellee.

## OPINION

HAIRE, Chief Judge, Division 1.

The appellant, Salt River Project Agricultural Improvement and Power District (hereinafter the "Project") has appealed from the judgment of the trial court dismissing the Project's cross-claim against the appellee City of Scottsdale. Both the Project and the City were sued by plaintiffs (not parties to this appeal) seeking damages for flooding allegedly incurred on or about September 5, 1970. The Project filed a cross-claim against the City alleging:

"... if in fact the plaintiffs are entitled to relief against the SRP [Project], then ... the City of Scottsdale ... [is] or may be liable for all or part of the plaintiffs' claim against SRP."

The pleadings thus set forth a classic case of one defendant asserting a claim of indemnity against a co-defendant.

The trial court granted the City's motion for summary judgment against the Project's cross-claim for indemnity, and the Project has appealed.[1]

The City argues in support of the granting of its motion for summary judgment, the proposition that Arizona municipalities are not under any duty to consider the likelihood of flood damage in enacting or enforcing zoning ordinances, and therefore cannot be held liable for failing to make any such considerations.[2] However, in our view it is not necessary to consider this argument. Regardless of any question which might be raised relating to the City's possible liability to plaintiffs it is clear on the record before us that, as a matter of law, the Project cannot be entitled to indemnity against the City.

■ The plaintiffs' complaint against the Project alleged that the Project was: "... negligent and careless in the construction, operation and maintenance of the Arizona Canal, in the diversion of natural drainage ways in the general area to the north and northeast of plaintiffs' properties, and in failing to guard against and warn of the flood hazards which were inherent in the acts of the [Project]."[3]

Assuming, as urged by the Project, that these allegations at most constitute a claim that the Project was negligent *in failing to act*, it does not follow that such negligence is of a "passive" type which would permit the assertion of an indemnity claim against a co-defendant tort-feasor. Negligence consisting of a failure to act is not synonymous with "passive" negligence as that term is used in Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957). *See* City of Phoenix v. Whiting, 10 Ariz.App. 189, 457 P.2d 729 (1969); Pinal County v. Adams, 13 Ariz.App. 571, 479 P.2d 718 (1971); City of Phoenix v. Kenly, 21 Ariz.App. 394, 519 P.2d 1159 (1974). We deem the following quotation from KENLY particularly pertinent:

"The City relies on the rationale of the Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957) decision to justify the active-passive negligence theory in the claim against Kenly. See also Crouse v. Wilbur-Ellis Co., 77 Ariz. 359, 272 P.2d 352 (1954). In the cases interpreting Busy Bee, the Arizona Appellate

---

1. Subsequent to the entry of the judgment dismissing the cross-claim, the Project filed a petition for special action in the Arizona Supreme Court on the basis that the trial court had abused its discretion in dismissing the cross-claim brought by the Project against the City. The Supreme Court thereafter entered its order declining to accept jurisdiction of the special action proceeding. We do not consider the Arizona Supreme Court's refusal to accept jurisdiction, without further comment, as any indication of that court's opinion on the merits of the Project's contentions.

2. This was one basis of liability urged in plaintiff's complaint against the City.

3. In addition to the negligence allegations set forth above, plaintiffs' third amended complaint also set forth claims sounding in strict liability and inverse eminent domain. However, in view of the Arizona Supreme Court's decision in Ramada Inns, Inc. v. Salt River Water Users' Association, 111 Ariz. 65, 523 P.2d 496 (1974), we treat these claims as no longer viable.

Courts have held that there is no indemnity between joint tort-feasors enabling the one who is less negligent to get indemnity from the other for damages caused by the concurring negligent acts of both. Busy Bee and Crouse only permit indemnity when the party seeking indemnity was not personally at fault and did not actively participate in the wrong causing injury to a third party, but was nevertheless liable because of a legal duty to the third party for the conduct of the indemnitor who actively caused the injury. Allison Steel Mfg. Co. v. Superior Court, 20 Ariz.App. 185, 511 P.2d 198 (1973); Transcon Lines v. Barnes, 17 Ariz.App. 428, 498 P.2d 502 (1972); Employers Mutual Liability Insurance Co. of Wis. v. Advance Transformer Co., 15 Ariz.App. 1, 485 P.2d 591 (1971); Chrysler Corporation v. McCarthy, 14 Ariz.App. 536, 484 P.2d 1065 (1971); Pinal County v. Adams, 13 Ariz.App. 571, 479 P.2d 718 (1971); City of Phoenix v. Whiting, supra; Thornton v. Marsico [5 Ariz.App. 299, 425 P.2d 869], supra." 21 Ariz.App. at 396, 519 P.2d at 1161.

■ Here the City could not be found liable under the remaining viable allegations in the complaint without a showing of actual fault on its part. As we stated in Transcon Lines v. Barnes, 17 Ariz.App. 428, 498 P.2d 502 (1972):

"The relative degree of delict as between appellants and appellee is irrelevant. It must be remembered that indemnity is an all or nothing proposition damage-wise, and hence should be an all or nothing proposition fault-wise. Apportionment of damages is not contemplated by it. That is the function of contribution. Similarly the balancing of respective degrees of fault is not a part of the doctrine of indemnity. This is what our cases mean when they state that there can be no indemnity between joint tortfeasors. Stated in the positive the cases mean simply that indemnity between tortfeasors is allowable only where the whole of the fault was in the one against whom indemnity is sought." 17 Ariz. App. at 435, 498 P.2d at 509.

Notwithstanding the foregoing, the Project urges that the Arizona law of indemnity took on new dimensions when the Arizona Supreme Court rendered its decisions in Spur Industries, Inc. v. Del E. Webb Development Co., 108 Ariz. 178, 494 P.2d 700 (1972) and Spur Feeding Co. v. Superior Court of Maricopa County, 109 Ariz. 105, 505 P.2d 1377 (1973). In the SPUR decisions, the developer of a completely new, large urban complex in a previously agricultural area was required to indemnify the operator of a feedlot for damages resulting from the enjoining of his feedlot operation. The feedlot operation had become a public nuisance because of its proximity to the residential area created by the developer. An analysis of these decisions does reveal some retreat from the principle that indemnity will not be allowed to a defendant who is not without personal fault. The operator of a feedlot which has become a public nuisance is obviously a wrongdoer—not a defendant without personal fault.

From the foregoing the Project argues that prior to the development of the land in question in this litigation, it was subject to the burden of the Project's Arizona Canal, and therefore the City owed a duty to the Project to recognize this natural burden, and that the City breached this duty when it failed to consider the likelihood of flood damage in enacting or enforcing its zoning ordinances. The Project's arguments might have some relevance were it not for the Arizona Supreme Court's decision in Ramada, supra. That decision limited the basis of the Project's possible liability to claims sounding in negligence. Therefore we are not faced with a situation, as in SPUR, where the defendant's previously lawful activities have become unlawful merely because of the encroachment of residential development. The Project is free to continue the normal use and operation of its Canal without restriction and without liability for that normal use. We believe that the following lan-

guage from the Arizona Supreme Court's decision in Spur Industries, *supra*, clearly evidences the intent of the Supreme Court to restrict the principles announced therein:

"It should be noted that this relief to Spur is limited to a case wherein a developer has, with foreseeability, brought into a previously agricultural or industrial area the population which makes necessary the granting of an injunction against a lawful business and for which the business has no adequate relief." 108 Ariz. at 186, 494 P.2d at 708.

For the above reasons, we find the Project's reliance upon the SPUR decision, unpersuasive. The judgment dismissing the Project's cross-claim against the City is affirmed.

JACOBSON, P. J., and EUBANK, J., concurring.