580 P.2d 767

Lynn **RADCLIFFE**, Appellant,

v.

The **HILTON INN**, a subsidiary of **Robbins Investment Corporation, Inc.,** Appellee.

No. 2 CA–CIV 2769.

Court of Appeals of Arizona, Division Two.

May 11, 1978.

Rehearing Denied June 6, 1978.

Lawrence F. Condit, Tucson, for appellant.

Murphy & Hazlett by Thomas M. Murphy, Tucson, for appellee.

OPINION

HATHAWAY, Judge.

Appellant was employed to provide security services to the premises of appellee, The Hilton Inn. One of the duties assigned appellant was to nightly check unoccupied rooms at the motel. The rooms to be checked were determined from a daily housekeeper's report.

During his duty hours on February 17, 1977, appellant obtained such report from the night desk clerk and checked the rooms listed as vacant. In the checking the listed rooms, the appellant found room 292 occupied.

On March 23, 1977, based upon appellant's February 17 entry into room 292, an action was filed for invasion of privacy, trespass and breach of contract against the appellee and appellant. Appellant answered the complaint and filed a cross-claim against the appellee, alleging that the appellant in performing security services for the appellee was acting under the direct management, supervision and control of the duly authorized managers, supervisors and other employees of the appellee, and that the appellant was therefore entitled to indemnity by the appellee.

Appellee's motion to dismiss the cross-claim for failure to state a claim was granted. The motion was based upon the Arizona law that indemnification is not permitted among joint tortfeasors,[1] *Employers Mutual Liability Insurance Company of Wisconsin v. Advance Transformer Company*, 15 Ariz.App. 1, 485 P.2d 591 (1971), or between tortfeasors whose negligence is not joint or concurrent but is independent if

their negligence has contributed to an injury to a third person. *Transcon Lines v. Barnes*, 17 Ariz.App. 428, 498 P.2d 502 (1972). The sole question before us on this appeal is whether the cross-claim was erroneously dismissed. We find that it was and reverse.

In considering a motion to dismiss under 16 A.R.S., Rules of Civil Procedure, Rule 12(b)(6), the truth of the allegations of the claim must be assumed. *Donaghey v. Attorney General*, Ariz. (2 CA–CIV 2766, filed March 30, 1978); *Folk v. City of Phoenix*, 27 Ariz.App. 146, 551 P.2d 595 (1976); *Lakin Cattle Company v. Engelthaler*, 101 Ariz. 282, 419 P.2d 66 (1966). In his cross-claim, appellant alleged:

"III

That, at all times material hereto, the cross-claimant was employed by the cross-defendant to provide security services on or about the premises of The Hilton Inn.

IV

That, in the performance of security services for the cross-defendant at all times material hereto, the cross-claimant was acting under the direct management, supervision and control of duly authorized managers, supervisors and other employees of the cross-defendant.

V

That, if the cross-claimant is held to be liable to the plaintiffs for any damage arising from any allegation in the Complaint, the cross-claimant is entitled to indemnity from the cross-defendant for the full extent of any such liability.

VI

That the cross-claimant is entitled to indemnity from the cross-defendant for the cost of his defense, including reasonable attorney's fees."

Assuming the truth of the allegations in appellant's cross-claim, he would appear to fall within the Restatement of Restitution, Sec. 90 (1937), which provides:

"Sec. 90. Person Acting at the Direction of and on Account of Another.

1. For a discussion on common law indemnity among joint tortfeasors, see 7 Ariz.L.Rev. 59.

A person who, at the direction of and on account of another, has done an authorized act because of which both are liable in tort, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if he acted in reliance upon the lawfulness of the direction, and, as between the two, his reliance was justifiable."[2]

The above rule contrasts with the requirement that a servant or other agent indemnify his master or principal for damages to a third person occasioned through the unauthorized tort of the servant or agent. The Restatement of Restitution, Sec. 96, deals with this latter situation:

"Sec. 96. Person Responsible for Conduct of Another.

A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability."

Where there is no Arizona case in point, ". . . the rule is that, in the absence of prior decisions and statutes to the contrary, the courts of Arizona will follow the Restatement of the Law whenever applicable." *Burrell v. Southern Pacific Company*, 13 Ariz.App. 107, 109, 474 P.2d 466, 468 (1970); *MacNeil v. Perkins*, 84 Ariz. 74, 324 P.2d 211 (1958); *Ingalls v. Neidlinger*, 70 Ariz. 40, 216 P.2d 387 (1950).

The order of dismissal is reversed and it is directed that appellant's cross-claim be reinstated.

RICHMOND, C. J., and HOWARD, J., concur.

---

**2.** See also Prosser, The Law of Torts, Sec. 51 (4th ed. 1971); *Pinal County v. Adams*, 13 Ariz.App. 571, 479 P.2d 718 (1971).