741 P.2d 288

STATE of Arizona ex rel. W.A. ORD-WAY, Director, Department of Transportation, Plaintiff-Appellant,

v.

Walter D. BUCHANAN, a divorced man, as his sole and separate property; Marybeth Buchanan, as her sole and separate property; and Yuma County Treasurer, Defendants-Appellees.

1 CA-CIV 7657.

Court of Appeals of Arizona, Division 1, Department D.

Jan. 23, 1986.

Robert K. Corbin, Atty. Gen. by James R. Redpath, Asst. Atty. Gen., Phoenix, for plaintiff-appellant.

Westover, Choules & Shadle by Wade Noble, Yuma, for defendants-appellees.

## OPINION

GRANT, Presiding Judge.

The State of Arizona appeals from a judgment based on a jury verdict awarding Walter D. Buchanan $110,000 for land taken and $37,500 for severance damages to the remainder property.

The state commenced this proceeding in eminent domain to acquire for highway reconstruction purposes fee title to 26,414 square feet of property owned by the appellee, Walter Buchanan. The property, representing only a portion of a tract of

Buchanan's land, fronted on 32nd Street in what is known as the big curve area of Yuma, Arizona. There U.S. Highway 80 curves to the north from an east-west direction before becoming 4th Avenue.

Prior to the condemnation the taken property, a rectangular parcel with measurements of 80' × 330', was vacant and unimproved. Nothing distinguished the taken property from the remainder except that the former fronted the highway. Immediately to the east of the taken property was a Chrysler car dealership. To the west was a K–Mart shopping center. The specific purpose behind the state's condemnation was for development of an exit to the K–Mart store.

On appeal the state raises four issues:
(1) whether the trial court erred in denying the state's motion to strike Buchanan's valuation formula;
(2) whether Buchanan's valuation formula precluded the jury's award for severance damages;
(3) whether the trial court improperly admitted Buchanan's testimony regarding the noncompensability of the condemnation;
(4) whether the trial court erred in ordering the state to pay Buchanan's answer fee.

## VALUATION TESTIMONY

■ We consider the state's first contention that the trial court improperly admitted valuation testimony of Buchanan and his expert appraiser.

During the trial, the state's valuation expert, Robert Francy, testified that there was no independent market for the land taken. Consequently, he appraised the market value of the condemned parcel on the basis of the value of the entire tract. Estimating that the full ownership had a market value of $554,000 ($3.00 a square foot), Mr. Francy valued the part taken at $79,700.

Buchanan and his expert appraiser, Mr. Cloud, on the other hand, valued the part taken as a separate parcel rather than as a part of the whole. Mr. Cloud compared the part taken to sales of land similar in size, shape, and location, and determined that the fair market value of the property in the "before situation" was $5.00 per square foot. The state moved to strike this testimony on the grounds that Buchanan and Mr. Cloud had impermissibly appraised the part taken as an independent economic unit. The trial court denied this motion.

The state's basic quarrel regarding the testimony is that Buchanan and Mr. Cloud failed to make any showing that the condemned parcel had a value separate and distinct from the remainder. The state maintains that in the absence of such a showing the part taken must be appraised as a portion of the entire tract. *Deer Valley Indus. Park Dev. & Lease Co. v. State ex rel. Herman,* 5 Ariz.App. 150, 424 P.2d 192 (1967). The state then concludes that the trial court erred by refusing to strike the valuation testimony of Buchanan and his appraiser, Mr. Cloud. While the state correctly points out the rule for appraising condemned land, we do not agree that the rule requires us to reverse the trial court.

Buchanan and his expert appraiser, Mr. Cloud, computed the market value of the condemned parcel by comparing it to numerous property sales. The state contends that the comparable sales used were so dissimilar from the taken property that the appraisal of the taken property is impossible without resort to the value of the whole. We disagree.

The comparable sales were similar to the condemned parcel in size, location and use. Having demonstrated a demand for the subject property, Buchanan was entitled to have his condemned land valued as a separate parcel. *Tucson Title Ins. Co. v. State ex rel. Herman,* 15 Ariz.App. 452, 489 P.2d 299 (1971). *See also Arizona State Land Dep't v. State ex rel. Herman,* 113 Ariz. 125, 547 P.2d 479 (1976) (land capable of commercial use must be valued independently). Accordingly, we hold that the trial court properly permitted the jury to consider the valuation approach offered by Buchanan and Mr. Cloud.

## SEVERANCE DAMAGES

The state next argues that the valuation testimony of Mr. Cloud and Buchanan precluded the jury's award for severance damages to the remainder. We disagree.

■ The state bases this argument on the assumption that the jury used Buchanan's valuation method to compute the fair market value of the taken parcel. We note, however, that the trial judge did not instruct the jury on any particular appraisal method. Moreover, we are unable to discern from the record how the jury measured damages. Therefore, we believe the foundation of the state's argument is without merit, and we reject the state's contention that the valuation testimony precluded severance damages. Even were we to accept the state's assumption that the jury arrived at damages by valuing Buchanan's property as a separate parcel, we would still conclude that the jury was not precluded from considering and awarding severance damages.

■ Although somewhat obscure, the state's argument regarding severance damages appears to be as follows. Severance damages may only be awarded to the remainder of the condemned property upon a showing that the value of the remaining land is dependent upon joint use of the remaining land with the condemned land. *State ex rel. Morrison v. Jay Six Cattle Co. Inc.*, 88 Ariz. 97, 353 P.2d 185 (1960). A property owner is entitled to have the value of his land measured without regard to the entire tract provided that the parcel can be put to an independent economic use. *Arizona State Land Dep't v. State ex rel. Herman*, 113 Ariz. at 128, 547 P.2d at 482 (1976). A finding of independent use, in turn, is established if the taken parcel exhibits features that distinguish it in value from the remainder. *See Defnet Land and Inv. Co. v. State ex rel. Herman*, 103 Ariz. 388, 442 P.2d 835 (1968); *City of Scottsdale v. Church of the Holy Cross*, 132 Ariz. 416, 646 P.2d 301 (App.1982). From these premises, the state reasons that a value differential, the predicate for valuation without resort to the whole, is inconsistent with value dependency, the predicate for severance damages.

■ The problem with the state's analysis is that it misapprehends two distinct concepts: The prerequisite entitling a property owner to market value of his condemned land as a distinct unit and the prerequisite for an award of severance damages. The state overlooks the fact that identity in value does not mean dependency in value. *See State ex rel. Morrison v. Jay Six Cattle Co., Inc.*, 88 Ariz. at 107, 353 P.2d at 192 (1960). Therefore, a determination that the value of the remainder is diminished by severance from the property taken does not contradict a determination that a condemned parcel is either more or less valuable than its remainder.

■ Other cases support our finding that severance damages are entirely compatible with valuation of property as a separate unit rather than as a part of the whole. In *Arizona State Land Dep't v. State ex rel. Herman*, the supreme court held that our condemnation valuation statute, A.R.S. § 12–1122, "provides for two elements of damages: (1) the value of the property actually taken by condemnation, and (2) the lessening in the value of the property remaining...." 113 Ariz. at 128, 547 P.2d at 482. That court also held that if property taken can be viewed as a distinct economic unit, its value must be determined without considering the value of the land from which it was severed. *Id.* The clear inference arising from *Herman* is that the trial court properly awarded severance damages to Buchanan.

## TESTIMONY OF NONCOMPENSABLE MATTERS

■ The state contends that the trial court erred in allowing Buchanan, the property owner, to testify to noncompensable matters. We summarily reject this contention.

The state's brief raises no specific noncompensable matter as to which Buchanan allegedly testified. The state simply concludes that the trial court erred. Because the state has failed to articulate this issue with any degree of particularity, we hold that the issue is abandoned. *Modular Systems, Inc. v. Naisbitt*, 114 Ariz. 582, 562 P.2d 1080 (App.1977).

ANSWER FEE

Finally, the state argues that under A.R.S. § 12–345 the trial court was precluded from ordering the state to pay Buchanan's answer fee. We disagree.

A.R.S. § 12–345 states in pertinent part:

No court costs shall be charged:

1. The state, a county, a city or a political subdivision of the county.

The state confuses court costs paid by the state into the court or to court officers with taxable costs incurred by successful litigants. While A.R.S. § 12–345 prohibits a court from ordering the state to pay court costs, it does not exempt the state's payment of taxable costs. *New Pueblo Constructors, Inc. v. State*, 144 Ariz. 95, 696 P.2d 185 (1985); *Hammons v. Waite*, 30 Ariz. 392, 247 P. 799 (1926); *City of Phoenix v. Marathon Steel Co.*, 150 Ariz. 173, 722 P.2d 341 (App.1985); *City of Phoenix v. Kenly*, 21 Ariz.App. 394, 519 P.2d 1159 (1974).

For the foregoing reasons, the judgment is affirmed.

JACOBSON and SHELLEY, JJ., concur.