254 P.2d 800

**SCHADE TRANSFER & STORAGE CO., Inc. v. ALABAM FREIGHT LINES.**

No. 5562.

Supreme Court of Arizona.

March 16, 1953.

Struckmeyer & Struckmeyer and Jack C. Cavness, Phoenix, for appellant.

Langmade & Sullivan, Phoenix, for appellee.

WINDES, Justice.

Action by Mountain States Telephone and Telegraph Company, herein referred to as the plaintiff, against Alabam Freight Lines, a common carrier, herein referred to as the defendant, for damages to personal property alleged to have been caused by unloading same in a negligent and improper manner. Upon motion by the defendant the court ordered that appellant, Schade Transfer and Storage Company, Inc., be made a third party defendant. Defendant filed third party complaint alleging it employed appellant to supply the unloading facilities to unload the property and that negligence, if any, as charged in plaintiff's complaint was the negligence of appellant and a liability, if any, owing to the plaintiff was recoverable from appellant. Issues were joined on the allegations of the complaint and the third party complaint, trial was had before the court without a jury, and judgment was entered for the plaintiff against the defendant on the complaint and in favor of defendant and against third party defendant, appellant herein, on the third party complaint.

By proper assignments of error third party defendant presents the question of whether there was any evidence that would legally warrant judgment against it.

The following is a fair statement of the undisputed facts: Defendant is a common carrier of property by motor vehicle and the plaintiff delivered to the defendant a reel of lead cable for shipment from Flagstaff to Phoenix; upon its arrival in Phoenix, the defendant's driver, not being able to unload the same without help, called third party defendant and requested a winch truck with an operator to help unload.

Present at the unloading process were defendant's driver, third party defendant's operator and a clerk, employee of the plaintiff. There was some discussion between the three concerning the proper manner of unloading. Defendant's driver testified that he and the operator of the winch talked over the proper method of performing the task and agreed upon what they considered a safe means, description thereof being unnecessary herein. The third party defendant's operator and defendant's driver testified in effect that the employee of the plaintiff insisted upon another manner which, it is claimed, resulted in an unsuccessful effort and damage to the property. Plaintiff's employee denied such insistence upon any method of unloading but testified he might have made some suggestions. It is conceded that "the sole cause of damage to the reel of the cable was the fact that the winch was improperly hooked on to the reel."

Third party defendant contends that the plaintiff, through its agent having insisted upon the method of unloading, relieved all parties from liability and consequently it was not liable to the defendant. The evidence was conflicting as to whether plaintiff's agent insisted or only suggested the method used. The court in arriving at the conclusion reached evidently found plaintiff's agent merely made suggestions which would not be sufficient to relieve a common carrier of its obligations to safely deliver property. Defendant takes the position that the unloading was a part of the transportation and that a common carrier is virtually an insurer of the safe transportation of property of this character. This seems to be the general rule and the holding of this court. Southern Pacific Co. v. Itule, 51 Ariz. 25, 74 P.2d 38, 115 A.L.R. 1268. On this basis the judgment against the defendant is correct. This principle is not necessarily applicable as between defendant and third party defendant.

On the question of liability under the third party complaint, defendant contends that third party defendant was the common carrier and as such is an insurer to the defendant. In other words, defendant attempts to place third party defendant in the position of a connecting carrier and apply the rules of liability as such. We do not think this evidence warrants the conclusion that third party defendant sustained the relationship. It is claimed that third party defendant had the final say as to how the final operation should be performed and was in complete control thereof, and appellee draws the conclusion therefrom that third party defendant has been substituted as a common carrier of the property in lieu of the defendant. We cannot agree with this. The winch operator when

interrogated as to who was in charge of the operation testified:

"A. Well, we all worked together on that. I got my hands full up in the cab when I am up there operating the winch.

"Q. But who directs how the cable shall be put around the reel and things like that? A. We generally get together on that and tie it together, you know, help one another tie it and hook on." (R.T., p. 85)

It is not disputed that such was done in this case. Both helped tie the cable on the reel. In fact it was a joint operation in its entirety. The only possible interpretation of the testimony of defendant's driver who was present and assisted in the operation is that third party defendant was called for the purpose of helping him unload—helping him perform his duty in transportation of the property. The evidence shows this is what was actually done. Both parties consulted as to the method, and both parties agreed to do it the way the clerk for the plaintiff suggested even though both knew it was an improper method. Under these circumstances, defendant cannot recover from third party defendant on the theory that the latter was acting as a carrier. The only basis upon which such recovery could be authorized was for the defendant to prove independent negligence on the part of the operator of the winch truck and that such negligence was the sole proximate cause of the damage. This it did not do. It is conceded that the sole cause of the damage was the fact that the winch was improperly hooked on to the reel. The employees of both the defendant and third party defendant agreed upon the method employed in unloading. Although the manner of unloading was in accordance with the suggestion of the employee of plaintiff, the evidence shows that both the representative of the defendant and the representative of the third party defendant agreed to follow such suggestion. If this constitutes a tort the parties were joint tortfeasors, and we are not aware of any law that permits the recovery of one against the other under such circumstances. There certainly is no other negligent act shown, and in fact defendant's driver testified that he knew of nothing that employee of third party defendant did in the process that was wrong or negligent.

It is therefore ordered that the case be remanded with directions to render judgment for third party defendant, on the third party complaint. Otherwise the judgment is affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.