**RENUZIT HOME PRODUCTS CO.**

v.

**GENERAL MILLS, Inc.**

**Civ. A. No. 14907.**

United States District Court
E. D. Pennsylvania.

May 12, 1953.

Raymond A. White, Jr., Philadelphia, Pa., for plaintiff.

Sidney L. Wickenhaver, C. Brewster Rhoads, Robert L. Trescher, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff, having paid a judgment obtained by a person injured by its negligence, brings this action to recover full indemnity from the defendant, a contributing tortfeasor. The defendant moves for summary judgment upon the

entire record in the first case and the complaint in this one.

The plaintiff manufactured and sold a cleaning fluid which was inherently dangerous in that it gave off vapors which could be ignited by a spark. The defendant manufactured and sold an electric iron with a thermal contact switch, which when used in the presence of inflammable vapors would collect and ignite them. Each party warranted its product safe and each failed to warn the user of the risk involved. A spark from the iron and vapor from the cleaning fluid, together, produced an explosion which injured the plaintiff in the prior suit.

There was no previously existing legal relationship between the plaintiff and the defendant such as, in some cases, gives rise to the right of indemnity between tortfeasors. Each, independently, owed exactly the same duty of care to the injured person. Each failed in its duty in essentially the same manner and the degree of culpability of each was the same. It is not necessary to go into some of the rather fine distinctions which courts have drawn applying the rules relating to indemnity between tortfeasors, because no right of indemnity could arise from any evidence the plaintiff could produce on this record. There is no genuine issue as to the right of the plaintiff to recover.

Judgment may be entered for the defendant.