## RENUZIT HOME PRODUCTS CO.
### v.
## GENERAL MILLS, Inc.
### No. 11107.

United States Court of Appeals, Third Circuit.

Argued Nov. 3, 1953.

Decided Nov. 19, 1953.

956

E. Walter Helm, 3d, Philadelphia, Pa. (Raymond A. White, Jr., Philadelphia, Pa., on the brief), for appellant.

Sidney L. Wickenhaver, Philadelphia, Pa. (C. Brewster Rhoads, Robert L. Trescher, Philadelphia, Pa., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The plaintiff, having paid a judgment obtained by a person injured by its negligence, brought this action in the district court to recover full indemnity from the defendant, a contributing tort-feasor whose negligence the plaintiff asserted was the sole and proximate cause of the accident. The accident took place in New York and it is conceded that the law of that state is applicable under which there is no right of contribution between joint tort-feasors. The district court entered summary judgment for the defendant and the plaintiff appeals. On appeal, while conceding that its own negligence was established by the prior judgment, it urges that its negligence was merely passive, that the defendant was guilty of active negligence which was the proximate cause of the accident and that under these circumstances the New York law gave it a right of indemnity from the defendant.

In the opinion of the district court, 116 F.Supp. 715, granting summary judgment for the defendant Chief Judge Kirkpatrick said:

"The plaintiff manufactured and sold a cleaning fluid which was inherently dangerous in that it gave off vapors which could be ignited by a spark. The defendant manufactured and sold an electric iron with a thermal contact switch, which when used in the presence of inflammable vapors would collect and ignite them. Each party warranted its product safe and each failed to warn the user of the risk involved. A spark from the iron and vapor from the cleaning fluid, together, produced an explosion which injured the plaintiff in the prior suit.

"There was no previously existing legal relationship between the plaintiff and the defendant such as, in some cases, gives rise to the right of indemnity between tortfeasors. Each, independently, owed exactly the same duty of care to the injured person. Each failed in its duty in essentially the same manner and the degree of culpability of each was the same. It is not necessary to go into some of the rather fine distinctions which courts have drawn applying the rules relating to indemnity between tortfeasors, because no right of indemnity could arise from any evidence the plaintiff could produce on this record. There is no genuine issue as to the right of the plaintiff to recover."

We are in complete accord with the views thus expressed that the plaintiff was just as culpable and actively negligent as the defendant. The rule asserted by the plaintiff, therefore, is inapplicable and we need not determine whether it is followed in New York.

The judgment of the district court will be affirmed.