**UNITED STATES of America,**
**Appellant,**

v.

**STATE of ARIZONA, a public body, Major General A. M. Tuthill, the Adjutant General, constituting the Arizona National Guard, and Thomas L. Kimball, Director, and Dr. W. J. Richards, Fred Faver and Jack Mantle, members of and constituting the Arizona Game and Fish Commission, Appellees.**

**No. 13722.**

United States Court of Appeals
Ninth Circuit.

Oct. 18, 1954.

Warren E. Burger, Asst. Atty. Gen., Washington, D. C., Jack D. H. Hays, U. S. Atty., Phoenix, Arizona, Paul A. Sweeney, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., for appellant.

Ross F. Jones, Atty. Gen. of Arizona, Irwin Cantor, Robert C. Stubbs and R. Dean Burch, Assts. to the Atty. Gen., Phoenix, Arizona, for appellee.

Before DENMAN, Chief Judge, and LEMMON and CHAMBERS, Circuit Judges.

CHAMBERS, Circuit Judge.

Reference is made to the opinion filed in the above entitled cause on June 30, 1954, 214 F.2d 389.

The government petitions for a rehearing. It claims that this court has turned its back on its own case of Gil-

man v. United States, 9 Cir., 206 F.2d 846, which was affirmed, 347 U.S. 507, 74 S.Ct. 695.

In the Gilman case, the United States had to respond with money damages under the Federal Tort Claims Act, 28 U. S.C.A. §§ 1346, 2671 et seq. for the negligence of its employee. The United States then sought to recoup its loss from the employee, Gilman. There, of course, state law as to indemnity was laid aside, the Supreme Court taking the view that absent congressional action it would not within the government house create a liability over against the government employee.

This court in its original opinion herein referred to the argument in 3 Moore's Federal Practice (2d ed., 1948, 507 et seq.) that the courts should lay aside Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, when considering contribution and indemnity and build up on such matters vitally affecting government fiscal affairs and internal policy its own body of law.

But as one reads United States v. Gilman, supra, and United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, it would appear that before a court is justified in venturing into the field of creating a federal rule for contribution or indemnity under the Tort Claims Act there must be some element in the case affecting the affairs of the United States above and beyond the fact that the United States has had to pay money for the negligence of its employees.

 In both Gilman and Standard Oil, the Supreme Court finds elements in the relationship of the government and its employee or soldier that justify a federal rule overriding ordinary state rules. Too, it is significant that in each case the Supreme Court limits the right of the United States to recover over when a private citizen, perhaps, would not be so restricted. There is yet no case where the Supreme Court has created a liability over where none existed between private citizens similarly situated. Here no fiscal problem above and beyond the paying of the original judgment is presented. True, in a given case such an element might even require the raising of the national debt limit, but to this court the intendment of the case of United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523, is that state law will apply on contribution or indemnity unless the internal management of the government is involved in some special way. Such a way is not to be found in this case.

The petition for rehearing complains that the opinion of the court does not sharply distinguish between contribution and indemnity. In this petitioner may be correct. However, having decided that Arizona state law is applicable, this court adheres to the view that the tenor of the Arizona cases [1] is that as between private parties involved in the same events as here there would be no possibility of the first tort-feasor in time obtaining recoupment either by contribution or indemnity from the second tort-feasor. The case of Schade Transfer & Storage Co. v. Alabam Freight Lines, 75 Ariz. 201, 254 P.2d 800, relied upon by this court in its opinion herein, may not be identical, but this court still concludes therefrom that the Arizona Supreme Court would not permit a recovery over herein as between private parties for either contribution or indemnity. This court believes the rule which Arizona would probably apply to its private citizens is good enough for the United States herein.

While this court's decision is not bottomed on the fact that in the district court the United States chose to plead as a defense that Arizona, not the United

1. White v. Arizona Eastern R. R. Co., 26 Ariz. 590, 229 P. 101; Ocean Accident & Guarantee Corporation, Ltd., v. United States Fidelity & Guaranty Co., 63 Ariz. 352, 162 P.2d 609.

See also Restatement of Restitution, Sec. 102.

**250**

States, was the one essentially to blame for the injuries to Roderick Krause, yet the trial court found against the United States on the issue, and that judgment has become final. United States v. Krause, 9 Cir., 197 F.2d 329. It may well be that thereby the United States is precluded, without more, from relitigating the issue. If one reads the findings on the issues of Krause's complaint, one sees that the United States already has once lost the issue of Arizona's negligence. See Central Surety & Ins. Corp. v. Mississippi Export R. Co., 5 Cir., 91 F.2d 125.

The petition for rehearing en banc is denied.

(Judge LEMMON did not participate in the consideration or decision of this petition for rehearing.)