292 P.2d 842

**BLAKELY OIL, Incorporated, a corporation, Appellant,**

v.

**R. E. CROWDER, Sr., and Mattie Lee Crowder, his wife, Karl E. Weisser and Helen Marie Weisser, his wife, and Robert E. Crowder, Jr., copartners doing business as Crowder Cattle Company, Appellees.**

No. 5927.

Supreme Court of Arizona.

Jan. 31, 1956.

Struckmeyer, Whitney & Perry, Harold E. Whitney, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, O. M. Trask, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal by the Blakely Oil Corporation, third-party plaintiff, from an order of the trial court granting the motion of the third-party defendants for an instructed verdict and the judgment entered thereon and from the order denying its motion for a new trial.

The third-party defendants have cross-appealed from the order of the trial court denying their motion to dismiss the complaint of third-party plaintiff. The third-party defendants consist of R. E. Crowder, Sr., Mattie Lee Crowder, his wife; Robert E. Crowder, Jr.; Karl E. Weisser and Helen Marie Weisser, his wife, doing business

as the Crowder Cattle Company, a copartnership, and will be hereinafter designated as the cattle company, and third-party plaintiff will be hereinafter designated as Blakely.

The facts are that one Charles L. Richmond, a truck driver for Wells Truckways, Ltd., hereinafter designated as Wells, brought an action against Blakely for damages for personal injuries suffered by him as the result of a motor vehicle accident occurring between a Blakely tractor and tank trailer and Wells' truck driven by plaintiff.

. The accident occurred on the Wickenburg-Blythe highway near Desert Wells in September, 1952. It is alleged that said accident was due to the negligent operation of the Blakely tractor and tank trailer at the time and place, among other things, by failing to reduce its speed upon observing cattle grazing along and about the shoulders of said highway, and crossing from one side of the highway to the other, and that by reason thereof, the Blakely tractor and tank trailer collided with the Wells' truck which plaintiff was driving, inflicting upon him severe bodily injuries and causing the gasoline with which plaintiff's tank was loaded, to be sprayed upon him, causing first, second and third degree burns over a large area of the body.

Before the cause was submitted to the jury, by stipulation of counsel, the main cause of action was settled awarding to plaintiff $50,000 and judgment thereafter was entered accordingly from which no appeal was taken. We are therefore concerned here only with the litigation between Blakely as third-party plaintiff and the cattle company as third-party defendant.

Blakely's claim is based upon the allegation that the cattle company was negligent in permitting their cattle to stray upon and across such public highway and that on the night in question, one of its cows collided with the tractor and tank trailer then being driven by one of its employees and that as the active, primary and efficient proximate result thereof, said tractor and tank trailer collided with the motor vehicle which the plaintiff Richmond was then operating, causing the injuries to him, and that if in fact, Blakely is liable to Richmond for the injuries he sustained, such liability was caused by the negligence of the cattle company and the latter is liable to him to the same extent and in the same amount.

The cattle company's motion to dismiss Blakely's third-party complaint upon which its cross-appeal was taken, is based upon the proposition of law that, under the provisions of section 21–446, 1952 Cum.Supp., A.C.A.1939, such action is not maintainable and asserts that the court therefore erred in denying its motion to dismiss the third party complaint.

Section 21–446, supra, reads, insofar as here material:

"*Third-party practice—When defendant may bring in third party.*—Be-

fore the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* * * *" (Emphasis supplied.)

It will be seen from the above quotation, as amended, the right of a defendant to bring in a third-party defendant is limited to persons only who are secondarily liable to the original defendant and who are not primarily liable to the plaintiff in the original cause of action. If the third-party defendant is primarily liable to the original plaintiff he then becomes at most a joint tort-feasor with the third-party plaintiff and under such circumstances, according to all the authorities in the absence of statute, the original defendant, third-party plaintiff, may not maintain an action against him for contribution. In the case of Builders Supply Co. v. McCabe, 366 Pa. 322, 77 A.2d 368, 371, 24 A.L.R.2d 319, the question is thoroughly treated and cites in support of the above rule of law, a number of decisions both from state and Federal courts. The court says that:

"In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury. * * * [Citing many cases from other jurisdictions.]"

The court further said in that case that:

"The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which inures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of *comparative* negligence,—a doctrine which, indeed, is not recognized by the common

law. [Citing cases.] It depends on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. * * * "

Then the court gives many examples of cases where such liability does arise and where it does not arise. Other cases to the same effect are: United States v. State of Arizona, 9 Cir., 214 F.2d 389; Schade Transfer & Storage Co. v. Alabam Freight Lines, 75 Ariz. 201, 254 P.2d 800, both involving Arizona law; United States v. Acord, 10 Cir., 209 F.2d 709; Renuzit Home Products Co. v. General Mills, 3 Cir., 207 F.2d 955.

▆▆ Applying this rule to the instant case and assuming for the purposes of this opinion, but not deciding the question, that the cattle company was negligent, it is clear to our minds that Blakely is not in a position to maintain a cause of action against the cattle company. It suffered a judgment to be rendered against it in the original cause of action in a large sum. The fact that a settlement of the cause of action was reached by stipulation of counsel for the respective parties prior to its submission to the jury makes the judgment none the less

res judicata as to the fact of negligence on the part of Blakely in proximately causing the collision and the consequent injury to plaintiff. A reading of the McCabe case will show that all of the authorities are in accord with this statement. The contention of counsel for Blakely therefore that because the case was not submitted to the jury, there was no finding of negligence on the part of Blakely is without merit. The cause of action as alleged in Blakely's third-party complaint against the cattle company shows upon its face that under the provisions of section 21–446, supra, it cannot be maintained. The third-party complaint should have been dismissed on the motion of the cattle company but since the same end result was reached by an instructed verdict for the cattle company, any error in not dismissing the third-party complaint was thereby cured. It is obvious that the conclusion reached makes it unnecessary to consider Blakely's assignments of error.

Judgment affirmed.

LA PRADE, C. J., and UDALL and WINDES, JJ., concur.

STRUCKMEYER, J., did not participate in the determination of this appeal.