484 P.2d 1065

**CHRYSLER CORPORATION, a Delaware corporation, Petitioner,**

v.

**Warren L. McCARTHY, Judge of the Superior Court of Maricopa County, Arizona; and Real Parties in Interest Willis A. HACKER and Grace E. Hacker, his wife, City of Phoenix, a municipal corporation, Frederick W. Rolnick and Town & Country Chrysler Plymouth, an Arizona corporation, Respondents.**

**No. I CA–CIV 1657.**

Court of Appeals of Arizona, Division 1, Department B. May 17, 1971.

Lyons, Phoenix, for City of Phoenix and Frederick W. Rolnick.

Donald B. Block, Phoenix, for Town & Country Chrysler Plymouth.

Charles M. Brewer and Herbert Mallamo, Phoenix, for Willis A. Hacker and Grace E. Hacker, his wife.

JACOBSON, Presiding Judge.

The issue before us in this special action proceeding is whether the petitioner, Chrysler Corporation, was properly made a third party defendant in a personal injury suit commenced by the respondents Hacker against the respondent City of Phoenix and its police officer, the respondent Rolnick.

The respondents Hacker filed a complaint alleging that Willis A. Hacker was injured when the automobile he was operating was struck head-on in its proper lane of traffic by a vehicle owned by the City of Phoenix and driven by the respondent Rolnick in the course of his duties as a police officer. The complaint charges that Rolnick was grossly negligent in failing to keep a proper lookout, in failing to have his vehicle under control, in operating the vehicle at an excessive and unlawful speed, and in operating the vehicle "knowing the same was in a defective, dangerous, unsafe condition and likely to cause injury." Rolnick and the City answered the complaint and later, with leave of the trial court, filed a third party complaint against Chrysler Corporation and Town & Country Chrysler Plymouth, the manufacturer and retailer, respectively, of the vehicle driven by Rolnick. The third party complaint alleges, in substance, that the accident was caused by a malfunction or "locking" of the brakes on the vehicle. It charges negligent manufacture and breach of warranty and seeks a "judgment over" against the third party defendants on the strength of an allegation that if Rolnick and the City of Phoenix are found liable to the Hackers, "it can only be as a result of the breach of duty owed Defendants by the Third Party Defendants herein * * *."

Renaud, Cook, Miller & Cordova, by John H. Seidel, Phoenix, for petitioner.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by John H.

Chrysler Corporation and Town & Country Chrysler Plymouth, taking the position that there would be no right of indemnity against them if Rolnick and the City were held liable on the allegations of the plaintiffs' complaint, made a timely motion to dismiss the third party complaint. The motion was denied by the respondent Judge, and Chrysler Corporation seeks to overturn the ruling by special action here.[1]

■ Rolnick and the City urge the impropriety of relief by special action, however, if the third party complaint should have been dismissed, such relief would clearly be appropriate. *Compare* Dollar A Day Rent A Car Systems, Inc. v. Superior Court, 107 Ariz. 87, 482 P.2d 454 (1971) *with* Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970).

■ Our Supreme Court has made it clear that there is no right of contribution among joint or concurrent tortfeasors. Blakely Oil v. Crowder, 80 Ariz. 72, 292 P.2d 842 (1956). This means, in effect, that a plaintiff may elect to sue one of several potentially liable parties, and, in the absence of a right of indemnity, the defendant sued may not bring in the other parties by means of a third party complaint. Blakely Oil, *supra*, at 80 Ariz. 74–76, 292 P.2d 842. This rule is perhaps more completely understandable when it is remembered that while Rule 14 of our Rules of Civil Procedure, 16 A.R.S. as originally propounded permitted a defendant to implead as a third party defendant "a person * * * who is or may be liable to him [the original defendant] *or to the plaintiff* for all or part of the plaintiff's claim against him" (emphasis ours), the italicized language was subsequently deleted by amendment and is not in the present Rule. Compare A.C.A.1939, § 21–446, with present Rule 14, as amended, and

see 3 J. Moore, Federal Practice ¶ 14.15 (2d ed. 1964).

■ Rolnick and the City, relying upon Busy Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957), and § 93 of the Restatement of Restitution (1937), take the position that they have stated a valid claim for indemnity. *Busy Bee Buffet* permits a right of indemnity against the *active* tortfeasor by one whose liability is based upon merely "passive" negligence[2] *and* a legal relationship which makes him responsible for the other's active negligence. As indicated in Thornton v. Marsico, 5 Ariz.App. 299, 425 P.2d 869 (1967), *Busy Bee Buffet* does not permit a right of indemnity where the liability of the original defendant and would-be indemnitee is based upon his own active negligence or active participation in the liability-creating event. In the present case, although plaintiffs might have asserted a claim against Chrysler Corporation and Town & Country Chrysler Plymouth,[3] they seek by their complaint to impose liability on Rolnick and the City of Phoenix on the basis of Rolnick's own active negligence. Under the allegations of the complaint, a properly instructed jury cannot hold either defendant liable unless it finds Rolnick actively at fault (negligent), and if such be the ultimate outcome, then there can be no right of indemnity against the named third party defendants.

The principles of § 93 of the Restatement of Restitution, relating to indemnity against a negligent seller or supplier, do not in our opinion lead to a contrary result. As indicated in Comment a. to the section, at page 408 of the Restatement, § 93 was designed primarily to afford a right of indemnity to persons held liable for failing to use care in inspecting a chattel purchased from or supplied by another. The limitations of the indemnity principle set.

---

1. It has been stipulated that Town & Country Chrysler Plymouth stands in the same position to the third party complaint as does Chrysler, as indicated in the last paragraph of this opinion.

2. "Passive negligence" in the sense of the *Busy Bee Buffet* decision is not synonomous with negligence alleged in terms of a failure or omission to act. *See* City of Phoenix v. Whiting, 10 Ariz.App. 189, 457 P.2d 729 (1969).

3. *See* Caruth v. Mariani, opinion on rehearing, 11 Ariz.App. 188, 463 P.2d 83 (1970).

forth are apparent in the careful wording of *Illustration 2*, set out at page 410:

> "2. A purchases from B, a manufacturer of automobiles, a new automobile. B represents to A that the brakes are in good working order and *reasonably believing this*, A drives experimentally. While so driving *carefully*, A injures C, a pedestrian, *owing solely* to the failure of the brakes to operate. C obtains a judgment against A and B, *the judgment against A being based solely upon A's violation of a statutory duty in driving with improper brakes*. Upon payment of the judgment, A is entitled to indemnity from B." (Emphasis added.)

As is evident from the Illustration, the rule of the Restatement does not indicate a right of indemnity where the driver himself was actively negligent, as in speeding, or where he knew or should have known of a defective braking system.

In some jurisdictions, such as Connecticut, liability is imposed upon a driver for violation of a "good brakes" statute, even if he is without fault. Such a rule of absolute liability is not the law in Arizona, *see* Dayton v. Palmer, 1 Ariz.App. 184, 400 P.2d 855 (1965) review denied, and cannot be made the basis for a claim of indemnity here.

 Nor does an actively negligent party gain a right of indemnity by couching his pleading in terms of breach of warranty. *See* Pearson Ford Co. v. Ford Motor Co., 273 Cal.App.2d 269, 78 Cal.Rptr. 279 (1969).

Accordingly, we conclude that Chrysler Corporation is not a proper third party defendant, and that the third party complaint should have been dismissed. Although Town & Country Chrysler Plymouth did not join Chrysler Corporation as a petitioner here and is technically a party respondent, counsel stipulated at the hearing that it stands in the same position as does Chrysler Corporation with respect to the third party complaint, and would be entitled to the same relief. Relief by special action being appropriate, we have accordingly heretofore entered an order dismissing the third party complaint as to both Chrysler Corporation and Town & Country Chrysler Plymouth, so that the parties remaining in the litigation may proceed to trial at the scheduled time. This opinion is an amplification of that order.

Jurisdiction accepted and relief granted.

HAIRE and EUBANK, JJ., concur.