22 Ariz. App. 199 (1974)
526 P.2d 406
STATE FARM MUTUAL INSURANCE COMPANY, Appellant,
v.
FACTORY MUTUAL INSURANCE COMPANY, Appellee.
No. 1 CA-CIV 2057.
Court of Appeals of Arizona, Division 1, Department B.
September 17, 1974.
Rehearing Denied October 10, 1974.
Review Denied November 26, 1974.
*200 Lewis & Roca by John P. Frank, John A. Miller, Mary M. Schroeder, William C. Lewis, Jr., Phoenix, for appellant.
Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Phoenix, for appellee.
OPINION
EUBANK, Judge.
This case arose from a two-car accident which occurred in March, 1968, in Phoenix. Appellant, State Farm, insured one driver, Mr. C.N. Patrick. The appellee, Factory Mutual, insured the other driver, Mr. J. Fitzpatrick. Virginia Gaulocher, a passenger in the Fitzpatrick car, who was severely injured in the accident, filed a suit in negligence against both drivers. The jury returned a verdict in favor of the plaintiff against both defendants for a total of $22,500. The judgment was within the policy limits of State Farm, who paid the entire judgment and costs in the amount of $22,894.20. Appellant then brought this action seeking to recover from the appellee contending that contribution should be allowed between negligent joint tort-feasors. The trial court granted a motion for summary judgment in favor of the appellee and from which the appellant appealed.
The only question presented by this appeal is whether contribution should be allowed between negligent joint tort-feasors who have been jointly sued and share a joint and several judgment. Appellant argues that the rule against allowing contribution between negligent joint tort-feasors originates in a misapplication of the common law rule against contribution between intentional joint tort-feasors. This argument is not unpersuasive. See e.g., W. Prosser, Torts § 50, at 306 (4th ed. 1971). However, recognition of the legal anomaly which may have given rise to a particular principle of law must be distinguished from the uniform application of that principle by the courts of an individual state. The Arizona decisions, while not always incisive, demonstrate an essential consistency.
In Schade Transfer & Storage Co. v. Alabam Freight Lines, 75 Ariz. 201, 254 P.2d 800 (1953), our Supreme Court dismissed a third-party complaint between two negligent defendants which was based on an indemnification theory and indicated that contribution would not lie between negligent joint tort-feasors. This decision was relied upon in United States v. Arizona, 214 F.2d 389, rehearing denied, 216 F.2d 248 (9th Cir.1954), as evidence that the Arizona courts do not permit contribution between negligent joint tort-feasors. Subsequently, in Blakely Oil v. Crowder, 80 Ariz. 72, 292 P.2d 842 (1956), the federal interpretation of Arizona law was cited with approval by our Supreme Court. Blakely involved a two-truck accident in which the defendant filed a third-party complaint against a cattle company alleging that the third-party defendant was negligent in permitting its cattle to stray across a public highway thereby contributing to the accident. Finding that the third-party complaint should have been dismissed by the trial court, the court stated:
"If the third-party defendant is primarily liable to the original plaintiff he then becomes at most a joint tort-feasor with the third-party plaintiff and under such circumstances, according to all authorities in the absence of statute, the original defendant, third-party plaintiff, may not maintain an action against him for contribution." (80 Ariz. at 75, 292 P.2d at 843).
Appellant argues that this line of cases can be distinguished as either involving dicta or limited procedural issues. Such *201 an analysis is unacceptable. The thrust of these and other Arizona decisions illustrates a uniform application of the rule denying contribution between negligent joint tort-feasors. See, e.g., Chrysler Corp. v. McCarthy, 14 Ariz. App. 536, 484 P.2d 1065 (1971). In Transcon Lines v. Barnes, 17 Ariz. App. 428, 498 P.2d 502 (1972), we noted that the rule is a "harsh doctrine". To the extent that it precipitates inequities among the parties, encourages deceptive practices by their attorneys, or results in strained interpretations of the principle of indemnification by the courts, it does not recommend itself. On the other hand, there are persuasive policy reasons for retaining the rule which include the reduction of civil court congestion and the encouragement of settlements. Irrespective of policy considerations, however, this Court cannot refuse to recognize the consistent application of the rule by the courts of this State. See McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).
The judgment is affirmed.
HAIRE, P.J., Department B, and JACOBSON, C.J., Division 1, concur.