James MATISON, et al.,
Plaintiffs–Appellants,

v.

TRANSAMERICA TITLE INSURANCE COMPANY, a California corporation, Defendant–Appellee.

No. 87–1776.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 18, 1988.

Decided May 2, 1988.

Gayle D. Reay, Dennis A. Rosen, Dennis A. Rosen, Ltd., Tucson, Ariz., for plaintiffs-appellants.

Gerard R. O'Meara, Tucson, Ariz., for defendant-appellee.

Before SNEED, HALL and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

James and Nancy Matison ("the Matisons") sued Transamerica Title Insurance Company ("Transamerica"), a California corporation, for breach of a contract to insure title and for tortious breach of good faith in settling a claim against the Matisons. Transamerica removed the case to the federal district court. The case turns on Arizona law concerning the insurer's duty to its insured.

## FACTS

In 1981 Transamerica issued a standard title insurance policy to the Matisons on Lot 1, Miracle Mile Center, Pima County, Arizona in the amount of $152,500. Through an intermediary company owned by them, the Matisons conveyed the property to John M. Hall and Richard S. Cohen for $277,500. Transamerica insured the title. In November 1981 Hall and Cohen conveyed the property to Fairview Miracle Mile, Ltd. for $370,500. Transamerica insured the title.

On April 5, 1983 Marvin Schwarz and related parties ("Schwarz") brought suit against the Matisons, Hall, Cohen, Fairview, and Transamerica, seeking to quiet title to the same property and charging the Matisons with fraud, breach of contract and breach of fiduciary duty. In October 1983 Schwarz' attorneys initiated settlement negotiations with Transamerica, represented by Amy L. Hirshberg. A settlement was reached without participation by the Matisons. The settlement provided for dismissal of all Schwarz' claims against Hall, Cohen, Fairview, and Transamerica and for the dismissal of Schwarz' action against the Matisons to quiet title to the property. Transamerica agreed to pay Schwarz $80,000, subject to conditions.

The settlement did not provide for the dismissal of Schwarz' claims of fraud, and breach of fiduciary duty. To the contrary, under the heading "Gallagher Covenant," Schwarz promised Transamerica to prosecute these claims against the Matisons "vigorously, in good faith, and with due

diligence" to judgment or settlement and not to compromise them for less than $80,-000 without the consent of Transamerica. Anything collected by Schwarz from the Matisons would go to reduce the $80,000 payable by Transamerica to Schwarz. If Schwarz collected $80,000 or more from the Matisons, Transamerica was home free.

The Matisons sued Transamerica charging that this "partial settlement" breached their title insurance contract and that the settlement itself was a breach of the insurer's duty to them. The case was submitted on the basis of documents and stipulated facts. The district court held that it was Transamerica's duty to defend the title and that it had fulfilled this duty by settling Schwarz' action to quiet title. Transamerica's settlement, the district court ruled, "did not impair any duty under its contract with the insured." From the district court's adverse judgment, the Matisons appeal.

## ANALYSIS

When Transamerica settled the claims against itself and its other insureds on condition that Schwarz pursue the tort and contract claims against the Matisons, Transamerica benefited itself at the expense of the Matisons. Transamerica was not a fiduciary for the Matisons. Transamerica did not have a duty the prevent all harm to them. Transamerica did not have a contractual duty to the Matisons to defend them against the tort and other claims. Transamerica did have a duty of "a fiduciary nature" not to benefit at the expense of its insured. *Rawlings v. Apodaca,* 151 Ariz. 149, 726 P.2d 565, 571 (1986). The duty may be breached even though Transamerica performed its express contractual undertakings. *Id.* at 573. A "Gallagher covenant," when entered into by an insured company, is subject to this duty that Arizona imposes on an insurer. Transamerica was required to give "equal consideration" to the Matison's interests which it did not do. *Id.* at 571. Instead, Transamerica agreed to an arrangement whereby it might not pay a penny while committing Schwarz to pursue the Matisons vigorously. Such connivance against one's insured is incompatible with the fiduciary-like duty an insurer, according to

*Rawlings,* assumes by issuing a contract of insurance. Transamerica wrongfully placed "paramount importance on its own interest." *Id.* at 573.

That negotiations between Schwarz and Transamerica were in progress was probably known to the Matisons; in that sense the negotiations were not secret. But the Matisons' lawyer was excluded from the negotiations, so that what was going on was kept a secret from them. This secrecy, for which Transamerica's settlement counsel must take responsibility, emphasizes the unfaithful character of Transamerica's effort to gain at its insured's expense. Infidelity of this kind made Transamerica "a second source of injury to the insured." *Id.*

Attorney's fees are awardable to the Matisons in the discretion of the court. A.R.S. § 12–341.01. We award them in connection with this appeal, remitting to the discretion of the district court an award for services in that court.

REVERSED. Judgment is to be entered for the appellants in conformity with this opinion. The appellants shall submit to this court a statement of attorney's fees incurred on this appeal.