NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KNIGHTBROOK INSURANCE COMPANY and KNIGHT MANAGEMENT INSURANCE SERVICES, LLC, | No. 15-15998 |
| | D.C. No. 2:12-cv-01671-DGC |
| Plaintiffs-Appellees, | |
| v. | |
| PAYLESS CAR RENTAL SYSTEM, INC. and PCR VENTURE OF PHOENIX, LLC, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted April 6, 2017
Resubmitted February 8, 2018
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

Payless Car Rental System, Inc. and PCR Venture of Phoenix, Inc. (together, "Payless") appeal the district court's judgment, entered after a bench trial, awarding equitable indemnification to KnightBrook Insurance Company and Knight Management Insurance Services LLC (together, "KnightBrook") in the amount of $970,000 and denying Payless's insurance bad faith counterclaim.

1.      The district court's equitable indemnification decision relied on § 78 of the Restatement of Restitution, which provides, in relevant part:

> A person who with another became subject to an obligation *or supposed obligation* upon which, as between the two, the other had a prior duty of performance, and who has made payment thereon although the other had a defense thereto, …
>
> (b) is entitled to restitution if he became subject to the obligation with the consent of or because of the fault of the other and, if in making payment, he acted …
>
> (ii) in the justifiable belief that such a duty existed[.]

Restatement (First) of Restitution § 78 (1937) (emphasis added).  After hearing oral argument, we issued an opinion, familiarity with which is assumed, certifying this question to the Arizona Supreme Court:  "[W]hether Arizona equitable indemnity law incorporates § 78 of the Restatement."  *KnightBrook Ins. Co. v. Payless Car Rental Sys. Inc.*, 855 F.3d 1072, 1073 (9th Cir. 2017).

The Arizona Supreme Court answered that question in the negative, holding that Arizona equitable indemnity law does not incorporate § 78.  *KnightBrook Ins.*

2

*Co. v. Payless Car Rental Sys. Inc.*, 409 P.3d 293, 294 (Ariz. 2018).[1]  As the court

explained: "Arizona's equitable indemnity law seeks to avoid unjust enrichment by

allowing recovery only when an indemnity plaintiff subject to derivative or

imputed liability discharges an *actual obligation* that a culpable indemnity

defendant owed to a third party."  *Id*. at 295 (emphasis added).  That understanding

of equitable indemnity law, the court added, is "consistent with § 76 of the First

Restatement."  *Id*.  In declining to adopt § 78, the court reasoned that it was

disinclined to "expand[] equitable indemnity law to include 'supposed obligations'

that an indemnity plaintiff and defendant may not actually owe."  *Id*. at 297

(alteration omitted).

Because the Arizona Supreme Court rejected § 78 as a matter of Arizona

law, it did not reach the second question we had certified: "[W]hether equitable

indemnity under § 78 requires that the indemnity plaintiff's liability to the

underlying plaintiff have been coextensive with the indemnity defendant's liability

to the underlying plaintiff."  *KnightBrook*, 855 F.3d at 1073.  Nonetheless, the

court made clear that equitable indemnity under Arizona law effectively requires

coextensive liability, noting that recovery is permitted only "when an indemnity

plaintiff subject to *derivative or imputed liability* discharges an actual obligation

---

[1]     In so holding, the Arizona Supreme Court rejected the adoption of § 78 in *Hatch Development, LLC v. Solomon*, 377 P.3d 368, 372-73 (Ariz. Ct. App. 2016), which in turn relied heavily on the learned district judge's opinion in this case.

that a culpable indemnity defendant owed to a third party." 409 P.3d at 295 (emphasis added). In other words, equitable indemnification is available only when the indemnity plaintiff, through no fault of its own, automatically assumes the indemnity defendant's liability to a third party by virtue of some legal relationship between the plaintiff and defendant. *See id*. at 296 ("The right of indemnity [inures] to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.") (quoting *Blakely Oil, Inc. v. Crowder*, 292 P.2d 842, 844 (Ariz. 1956)).

We will remand to the district court to apply in the first instance the "actual obligation" standard as newly articulated by the Arizona Supreme Court. *See Detrich v. Ryan*, 740 F.3d 1237, 1248-49 (9th Cir. 2013) (en banc) ("[O]ur general assumption is that we operate more effectively as a reviewing court than as a court of first instance."). If the district court concludes that KnightBrook and Payless were actually liable to the McGills, it then will need to consider whether the $970,000 settlement that KnightBrook entered into with the McGills, which might have reflected the total outstanding value of the insurance policy that KnightBrook claims Payless entered into with Bovre on KnightBrook's behalf, discharged a common liability of KnightBrook and Payless. It may be relevant to both issues whether Payless acted as KnightBrook's agent when it allegedly entered into the

4

insurance contract with Bovre (a question that the district court left open) and, if so, whether KnightBrook was a disclosed or undisclosed principal. *See* Restatement (Third) of Agency § 6.01 (2006) (noting that an agent entering into a contract on behalf of a disclosed principal is generally not a party to the contract); *id*. § 6.03 (noting that an agent entering into a contract on behalf of an undisclosed principal is a party to the contract).

2. That leaves Payless's bad faith insurance counterclaim. Implicit in any insurance contract "is the insurer's obligation to play fairly with its insured." *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (quoting *Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986)). "The insurer has 'some duties of a fiduciary nature,' including 'equal consideration, fairness and honesty.'" *Id*. (alterations omitted) (quoting *Rawlings*, 726 P.2d at 571).

The district court held after a bench trial that KnightBrook did not breach its duties of equal consideration, fairness, or honesty when it acquired and prosecuted the McGills' negligence and contract claims against its insured, Payless, because KnightBrook did so in an effort to mitigate a risk "created by the fault of … Payless," and only after Payless had refused KnightBrook's request that it pay half the settlement cost. The district court's decision does not rest on a legal error or a clearly erroneous factual finding. *See Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004).

5

KnightBrook stipulated that it was seeking to recover from Payless only the $970,000 it had paid to the McGills—a liability that KnightBrook believed it had incurred as a result of Payless's negligence in handling Bovre's rental transaction. Thus, a reasonable trier of fact could find that KnightBrook, by asserting the claims it had purchased from the McGills, was *not* seeking to leverage its position as an insured in order to profit from Payless, but rather was seeking only to make itself whole for the harm it believed Payless had caused.

That serves to distinguish this case from *Matison v. Transamerica Title Insurance Co.*, 845 F.2d 867 (9th Cir. 1988), on which Payless relies. Applying Arizona law, *Matison* held that an insurer acted in bad faith when it entered into a separate settlement with the underlying plaintiff and acquired an interest in the plaintiff's remaining claims against the insured (the underlying defendant). *Id*. at 867-68. As in this case, the insurer was seeking to recover only enough from the insured to cover the amount it had paid to the plaintiff in the settlement. *Id*. However, by contrast to this case, there was no indication in *Matison* that the insured, and not the insurer, was at fault for the insurer's liability. Rather, the insurer in *Matison* was simply trying to avoid paying "a penny" for its own culpable conduct by taking a stake in independent claims against its insured. *Id*. at 868. In that situation, the insurer sought to "benefit[] itself at the expense of the [insureds]"—not, as in this case, to make itself whole for a loss it reasonably

believed the insured had caused. *Id*. Additionally, the insurer in *Matison* did not give the insureds an opportunity to join in the initial settlement—as KnightBrook did, only to be refused by Payless.

For the foregoing reasons, the district court's judgment on KnightBrook's equitable indemnification claim is VACATED and REMANDED for proceedings consistent with this memorandum, and the district court's judgment on Payless's bad faith counterclaim is AFFIRMED.